No. 29,583.
No. 29,825.

V. A. HASTINGS and JOHN L. CONROE, *Appellees*, v. DAVID H. MORGAN and HARRY A. SUTHERLAND, doing business as Morgan & Sutherland, *Appellants*.

(293 Pac. 492.)

Opinion filed December 6, 1930.

*A. M. Ebright, Allen B. Burch* and *J. B. Patterson*, all of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson* and *H. T. Horrell*, all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to recover the purchase price agreed to be paid to the plaintiffs by the defendants on the transfer of oil-and-gas leases which had been procured by the plaintiffs. The defendants demurred to the amended petition of the plaintiffs. That demurrer was overruled. The defendants appealed from that order; that is appeal No. 29,583. Thereafter the defendants answered. The action was tried. The trial resulted in a judgment against the defendants in favor of the plaintiffs. From that judgment the defendants have appealed; that is appeal No. 29,825. There is no abstract nor brief in the last appeal. It has been abandoned, but it has not been dismissed.

The only question argued is: Did the amended petition state

a cause of action? We quote from the brief of the defendants as follows:

"The amended petition, in substance, alleges the following facts:

"That the plaintiffs obtained oil-and-gas leases covering approximately 15,000 acres of land in Comanche county, Kansas; that these oil-and-gas leases were deposited in blank in the Coldwater bank under the terms of a written escrow agreement made between the landowners and one G. W. Carr, who is not a party to this suit.

"That G. W. Carr, who was named in the escrow agreement, was the agent and employee of the defendants. That on May 11, 1929, the defendants executed a purchase agreement with G. W. Carr, their agent and employee, under the terms of which the defendants agreed to purchase the oil-and-gas leases from said Carr, their agent and employee, and pay him the sum of 65 cents per acre. This purchase agreement between the defendants and G. W. Carr, their agent and employee, is attached to the amended petition and is one of the contracts upon which the plaintiffs base their right to recover in this suit.

"The amended petition then alleges that on May 25, 1929, another written contract was entered into between the defendants as the first party, G. W. Carr, the agent and employee of defendants, as second party, and the plaintiffs as third party. This contract is attached to plaintiffs' amended petition as exhibit B, and the plaintiffs rely on this contract as a basis of recovering a judgment against defendants.

"The petition then alleges that the defendants have refused to pay the plaintiffs their one-fourth each of the proceeds from the sale of the oil-and-gas leases, under the terms of the contract of May 11 between the defendants and their agent and employee, G. W. Carr."

The contract referred to by the appellants as exhibit B provided that—

"Out of the sale price of said acreage as set forth and specified in said contract of May 11, 1929, the following divisions shall be made, to wit: (a) Morgan & Sutherland to receive one-fourth, (b) Geo. W. Carr to receive one-fourth, (c) Virgil A. Hastings one-fourth, (d) John L. Conroe one-fourth."

The contract of May 11 provided that—

"Upon said titles being approved by us, or our assigns, we agree to pay you [G. W. Carr] the sum of 65 cents per acre for all of said leases as are delivered and accepted by us in accordance with this contract and agreement."

We quote further from the brief of the defendants as follows:

"Appellants contend that under the allegations of the amended petition, as above set forth, the plaintiffs failed to state a cause of action against the defendants. That under the allegations of the amended petition and under the terms of the two written contracts attached thereto, the plaintiffs each owned an undivided one-fourth interest in the leases, and entitled to receive one-fourth of the sale price of the oil-and-gas leases when and if the defendants

were able to effect a resale of said leases; that the leases were never sold by defendants; no well was drilled and the leases were delivered back to the owners by the escrow bank; that the plaintiffs were therefore not entitled, each to one-fourth of the proceeds under the terms of the purchase agreement attached to the amended petition as exhibit A entered into between the defendants and their agent, G. W. Carr."

The language used in the contracts does not justify the construction placed on it by the defendants. Reduced to simple terms, the amended petition states that the plaintiffs owned or had an interest in certain gas leases; that those leases were made to G. W. Carr, the agent of the defendants, who agreed that, on the leases being transferred to them, they would pay to the agent sixty-five cents an acre for the leases, one-fourth of which was to be paid to each of the plaintiffs; and that the payments were not made. If the payments were to be made "when and if the defendants were able to effect a resale of said leases," that matter should be pleaded and proved as a defense. The amended petition together with the contracts does not disclose the condition contended for by the defendants.

The order overruling the demurrer to the amended petition of the plaintiffs and the judgment in favor of the plaintiffs are affirmed.